IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 24 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| TIMOTHY LEE KIRKPATRICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-690-A |
| | § | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

ORDER

Came on for consideration the above-captioned action wherein Timothy Lee Kirkpatrick is plaintiff and the Acting Commissioner of Social Security, currently Carolyn W. Colvin, ("Commissioner") is defendant. This is an action for judicial review of a final decision of the Commissioner denying plaintiff's claim for a period of disability and disability insurance benefits and supplemental security income. On May 31, 2016, the United States Magistrate Judge issued his proposed findings and conclusions and his recommendation ("FC&R"), and granted the parties until June 14, 2016, in which to file and serve any written objections thereto. On June 10, 2016, plaintiff filed objections. On June 23, 2016, defendant filed a response to such objections. The court finds that the recommendation of the magistrate judge should be accepted.

Plaintiff objects to the FC&R alleging that the

administrative law judge ("ALJ") failed to follow the treating physician rule and properly determine plaintiff's residual functional capacity, as well as, failed to properly evaluate plaintiff's credibility. Doc.[1] 19. The court reviews the denial of disability benefits only to determine if the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence in the record as a whole. Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Hollis v. Bowen, 837 F.2d 1378, 1382-83 (5th Cir. 1988).

The ALJ reached a determination regarding plaintiff's residual functional capacity that is supported by substantial evidence. See Leggett, 67 F.3d at 564. The ALJ supported her decision with medical records, insurance records, testimony from the hearing, and other evidence, including giving great, though not controlling, weight to the evidence of plaintiff's treating physician. Doc. 11 at 25-32. It is the duty of the ALJ, not a doctor, to determine whether a claimant meets the statutory definition of disability. See C.F.R. §§ 404.1527(d) & 416.927(d). An ALJ may give little or no weight to a treating physician's opinion when the ALJ shows good cause for doing so. Newton v. Apfel, 209 F.3d 448, 455-456 (5th Cir. 2000). Here, the ALJ

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this action, No. 4:15-CV-690-A.

explained that she was not giving the treating physician controlling weight, only great weight, because, among other reasons, the treating physician's opinion conflicted with his own progress notes. It is clear that the ALJ thoroughly reviewed and gave appropriate weight to plaintiff's treating physician. In addition, substantial evidence exists to support the ALJ's conclusion on plaintiff's residual functional capacity.

Plaintiff's second objection focuses on the ALJ's alleged failure to properly evaluate plaintiff's credibility. The court agrees with the magistrate judge that the ALJ's credibility analysis of plaintiff was "brief and incomplete" and "should have articulated specific inconsistencies between the record and Plaintiff's allegations and gone through credibility factors." Doc. 16 at 23-24. However, credibility determinations of an ALJ are entitled to deference. See Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991). In particular, the ALJ's determination "of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990). Thus, the court also agrees with the magistrate judge that any failure of the ALJ to discuss plaintiff's credibility more specifically, was harmless error. As stated above, substantial evidence exists to support the ALJ's conclusion.

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS the decision of the Commissioner that, based on the application filed on April 24, 2012, plaintiff is not entitled to a period of disability or disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423, respectively, through December 31, 2010, and he is not eligible for supplemental security income under the Act, 42 U.S.C. §§ 1382 and 1382c, be, and is hereby, affirmed.

SIGNED June 24, 2016.

_____
JOHN McBRYDE
United States District Judge